WOODWARD v. THE STATE.

A negro is competent to testify, under the act of 1853, on the trial of a criminal charge against a negro.

*Saturday, June 16.*

APPEAL from the *Hendricks* Circuit Court.

*Per Curiam.*—*Woodward* was indicted for an assault and battery with intent to murder. He is a colored man, and the assault and battery charged was upon a white man. On his trial he offered a colored man as a witness in his behalf, but the Court refused to hear the witness testify.

The statute on the subject is as follows:

" No *Indian*, or person having one-eighth or more of negro blood, shall be permitted to testify as a witness in any cause in which any white person is a party in interest." Laws of 1853, p. 60.

The question is, is a person upon whom a crime has been committed, in any sense a party in the cause prosecuted by the state against the criminal? If so, neither the state nor the defendant can call, in such cases, a colored witness, for the exclusion is general as to all parties. Is the interest contemplated a pecuniary or legal interest, or one of feeling merely? Suppose, in this case, the person assaulted had been actually killed, and *Woodward* had been on trial for murder, instead of the attempt to murder, would the dead man or his representatives have been a party or parties, in the statutory sense? If not, shall the negro have the benefit of testimony when he succeeds in killing, but not when he stops short of that point?

We do not think the state was contemplated as a person of any particular color by the statute. We think the Court erred in rejecting the witness.

The judgment is reversed. Cause remanded, &c.

*J. L. Ketcham*, for the appellant.

*D. C. Chipman* and *J. W. Gordon*, for the state.